JOHN B. WHARTON, Administrator of Anna Hannaford, deceased, vs. J. WESLEY STEVENS, Administrator of Cornelius Deweese, deceased.

*Case Stated—Dower—Vested Interest—Mortgage—Parties Entitled.*

When a man siezed of real estate dies intestate, leaving to survive him a widow and two children as his only heirs-at-law, and said real estate is sold by order of the Orphans' Court for the payment of his debts—the widow having waived the assignment of dower—and a mortgage is given to secure the interest of the widow in accordance with the statute in that behalf; *held* that a child of the deceased who dies prior to the death of the widow has such an interest in the principal of the said mortgage as will, upon the death of the widow, belong to the estate of the deceased child.

*(May 1, 1899.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Arley B. Magee* for plaintiff.

*William T. Smithers* for defendant.

Superior Court, Kent County, No. 56 to April Term, 1899.

SUMMONS CASE. A case stated was agreed upon by the respective parties, in which the facts were set forth substantially as follows:

Cornelius Deweese died in 1851 seized of a farm or tract of land in Murderkill Hundred, Kent County, and left to survive him, a widow, Sarah C. Deweese, who afterwards married J. Wesley Stevens, and two children, Anna Deweese and Cornelia Deweese. The said Sarah C. Deweese as administrator of Cornelius Deweese, and by virtue of an order of the Orphans' Court, sold the said farm or tract of land for the payment of the debts of said deceased. The said Sarah C. Deweese, widow as aforesaid, having waived the assignment of her dower by metes and bounds, the sum of $506.21

being the one-third part of the proceeds of the sale of said land, was secured by the mortgage of the purchaser William K. Lockwood, in accordance with the statute in that behalf, the interest thereof to be paid to said widow during her life, and the principal at her death, to the executor, &c. The said Sarah C. Deweese (then Stevens) died in July, 1896, and letters of administration d. b. n. were granted to J. Wesley Stevens upon the estate of Cornelius Deweese. The said J. Wesley Stevens as such administrator did on October 10th, 1896, collect the principal sum secured by said mortgage, to wit, the sum of $506.21, and having passed an account before the Register of Wills there remains in his hands an unappropriated balance of $482.60, as appears by said account. No part of this sum is applicable to debts of Cornleius Deweese, as there are no debts outstanding and unpaid against his estate. The said Anna Deweese in October, 1868, married E. Hannaford, and died February 23, 1871, intestate in the State of Ohio, where she resided, leaving to survive her her husband, but no children. The said Cornelius Deweese also left to survive him several brothers and sisters, and children of deceased brothers and sisters, some of whom are still living.

On April 8, 1899, letters of administration were granted upon the estate of Anna Hannaford unto John B. Wharton, and he as such administrator has brought suit against the said J. Wesley Stevens administrator of Cornelius Deweese to recover the sum of $241.30, that being the one-half part of the said unappropriated balance now in the hands of said J. Wesley Stevens, adminstrator as aforesaid, and being the amount which the said plaintiff John B. Wharton, administrator of Anna Hannaford, claims to be due to him as such administrator from J. Wesley Stevens, administrator d. b. n. of Cornelius Deweese.

It is agreed by the plaintiff and defendant that if under the above statement of facts, John B. Wharton, administrator of Anna Hannaford, deceased, is legally entitled to said moneys now in the hands of J. Wesley Stevens, administrator d. b. n. of Cornelius Deweese, deceased, or any part thereof, judgment shall be entered

in his favor for such amount as he shall be entitled to receive; otherwise judgment shall be given for costs, against the plaintiff.

The question submitted to the Court upon the case stated, was whether Anna Hannaford during the lifetime of her mother, Sarah C. Deweese, had such an interest in the principal sum secured by the mortgage as that after the death of her mother, who survived her, the one-half part of said principal sum would be legally due and owing to her estate.

The Court made the following order: And now, to wit, this first day of May, A. D. 1899, this case coming on to be heard before the Judges of the Superior Court of the the State of Delaware, in and for Kent County, upon the foregoing case stated, and the same having been considered by the Court, it is ordered that judgment be entered in favor of John B. Wharton, administrator of Anna Hannaford, deceased, against J. Wesley Stevens, administrator of Cornelius Deweese, deceased, for the sum of two-hundred and forty-one dollars and thirty cents, together with interest from April 8, A. D. 1899.

NOTE—Upon the conclusion of the foregoing case the said J. Wesley Stevens, Administrator, as aforesaid, paid to J. Frank Allee, Administrator of Cornelia Deweese, daughter of Cornelius Deweese, the sum of $241.30, the remaining half part of the fund in said Stevens' hands which had been allotted by him as administrator.

The said Cornelia died prior to the death of her sister, Anna Hannaford, intestate, unmarried and without issue, leaving her sister Anna as her only heir-at-law. Letters of administration had been granted as above stated to John B. Wharton on the estate of Anna Hannaford.

Upon a case stated showing these facts, the Court ordered that judgment be entered in favor of John B. Wharton, Administrator of Anna Hannaford, deceased, against J. Frank Allee, Administrator of Cornelia Deweese, deceased, for the sum of $241.30.